IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KELLY S. MC ENTIRE,<br><br>          Plaintiff,<br><br>     v.<br><br>FEDERATED INVESTMENT<br>MANAGEMENT, et al.,<br><br>          Defendants. | Case No. 1:06-CV-133-PGC<br><br><br>**REPORT AND RECOMMENDATION** |

This case was brought by *pro se* plaintiff, Kelly S. McEntire, who is proceeding *in forma pauperis*. Plaintiff has filed many pleadings in this case. In addition, Plaintiff has sent numerous documents directly to the magistrate judge. However, for several months Plaintiff has ignored the magistrate judge's order that Plaintiff file an amended complaint setting forth with sufficient specificity Plaintiff's federal claims, the supporting facts for each claim, and the parties to this action. As a result, the court recommends that Plaintiff's complaint be dismissed.

**BACKGROUND**

On October 23, 2006, Plaintiff was granted his motion to proceed *in forma pauperis,* and he filed his complaint in this

case.  (Docket Entries #2, 3.)  That day, Plaintiff also filed motions to appoint counsel and for service of process.  (Docket Entries #4, 5.)  United States District Judge Paul G. Cassell was assigned to the case.  (Docket Entry #6.)  On November 3, 2006, Judge Cassell referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff then filed three other pleadings. (Docket Entries #8-10.)  The court responded to all the pleadings filed by Plaintiff by issuing an order on November 30, 2006, requiring Plaintiff to provide the court with an amended complaint setting forth with sufficient specificity Plaintiff's federal claims and the supporting facts for each claim.  The order also required Plaintiff to clearly identify the parties to the action, including both the plaintiffs and defendants.  The order required that the amended complaint be filed within thirty days of the November 30, 2006 order.  Referring to Plaintiff's motion for service of process, the order also required Plaintiff to provide the court with the complete and accurate addresses for all listed plaintiffs and defendants.

Rather than filing an amended complaint as ordered by the court, Plaintiff instead began sending correspondence and documents directly to the magistrate judge.  The court then held a hearing on January 31, 2007, during which the court explained to Plaintiff that the court would not decide the case based on correspondence sent to the court by Plaintiff.  The court

explained to Plaintiff that Plaintiff first needed to file a proper complaint and then needed to serve the complaint on the identified defendants.  The court explained that after being served with the complaint, the defendants would file an answer, and that the court would then look at the case.  (Official Transcript of Status Conference held January 31, 2007, at 5, 6, 7.)  The court returned to Plaintiff all the correspondence Plaintiff had sent directly to the magistrate judge.

On February 15, 2007, the court issued an order denying Plaintiff's motions for service of process and appointment of counsel.  (Docket Entry #17.)  In that order, the court referred to the November 30, 2006 order requiring Plaintiff to provide the court with an amended complaint setting forth with sufficient specificity Plaintiff's federal claims and the supporting facts for each claim.  The February 15, 2007 order also noted that the November 30, 2006 order required Plaintiff to clearly identify the plaintiffs and defendants in this case and to provide the court with the parties' complete and accurate addresses.  The court noted that Plaintiff had not filed his amended complaint and had not clearly identified the parties to this action.  After the order was issued, Plaintiff filed several more pleadings with the court, but he did not file an amended complaint.  (Docket Entries #19, 20, 21, 22, 24.)  Plaintiff also continued to mail other documents directly to the magistrate judge.

On April 16, 2007, the court held another hearing.  The
court found that Plaintiff still had not filed the requested
amended complaint, that Plaintiff had therefore not prosecuted
his case as required by the rules and as directed by the court,
and that Plaintiff had ignored the court's orders to file the
amended complaint.  The court informed Plaintiff that the court
would recommend that Plaintiff's complaint be dismissed.  (Docket
Entries #28, 29.)

### DISCUSSION

Plaintiff is proceeding *pro se*.  As a result, the court
construes his pleadings liberally and holds his pleadings to a
less stringent standard than formal pleadings drafted by lawyers.
*See Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1187 (10th
Cir. 2003); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.
1996).  However, as explained by the court in its November 30,
2006 order, holding Plaintiff's pleadings to a less stringent
standard than formal pleadings drafted by lawyers does not
relieve Plaintiff of the burden of alleging sufficient facts on
which a recognized legal claim can be based.  *See Riddle*, 83 F.3d
at 1202.  It is not the court's proper function to assume the
role of advocate for any *pro se* litigant, and the court will not
construct a legal theory on a plaintiff's behalf.  *See Whitney v.
New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Even *pro se* plaintiffs must follow court orders.  As set
forth above, the court ordered Plaintiff on November 30, 2006, to

4

file an amended complaint. Despite being given ample time and several chances to do so, Plaintiff has not filed an amended complaint. Instead, Plaintiff has filed numerous other kinds of pleadings and has sent many documents directly to the magistrate judge, even after being told in court that such a practice was inappropriate.

Because Plaintiff has failed to comply with the court's order to file an amended complaint setting forth with sufficient specificity his federal claims and the underlying facts supporting them, and because Plaintiff has thus failed to properly prosecute his case, the court recommends that Plaintiff's complaint be dismissed. *See* Fed. R. Civ. P. 41.

### RECOMMENDATION

Based on the above analysis, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED.**

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b),

within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 18th day of April, 2007.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge